UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHRISTOPHER LEE COOK, as administrator ad litem for cause of action and next of kin of RONNIE RAY COOK, deceased,<br>    *Plaintiff*,<br><br>v.<br><br>MCMINN COUNTY, TENNESSEE, a municipal corporation, and JOE GUY, MCMINN COUNTY SHERIFF, in his official and individual capacities, and JOHN DOES 1-4, Unknown Officers and Staff of the MCMINN COUNTY JAIL in their official and individual capacities, and JANE DOES 1-4, Unknown Officers and Staff of the MCMINN COUNTY JAIL in their official and individual capacities;<br>    *Defendants*. | No. 1:22−cv−00105-CLC-CHS |

# REPORT AND RECOMMENDATION

**I.    Introduction**

This matter is before the Court upon Plaintiff's Motion to Amend [the first] Amended Complaint [Doc. 33]. The Court conducted a hearing on this motion on August 7, 2024. Attorney Scott Johnson appeared on behalf of Plaintiff. Attorney Jonathan Taylor appeared for Defendants. For reasons that follow, the undersigned will recommend to the District Court that the referenced motion [Doc. 33] be granted in part and denied in part.

**II.    Background**

This lawsuit arose from the death of Ronnie Ray Cook, an inmate at the McMinn County Jail. Mr. Cook was incarcerated in the jail from May 2, 2021, until his death on May 4, 2021. Plaintiff alleges that Mr. Cook died from severe peritonitis and a perforated duodenal ulcer, and

that the personnel at the McMinn County Jail were deliberately indifferent to Mr. Cook's medical condition.

It is undisputed that a one year statute of limitations governs Plaintiff's causes of action. The complaint [Doc. 1] was filed on April 29, 2022, five days before the one year statute of limitations expired. In his complaint, Plaintiff sued McMinn County, Tennessee; Joe Guy, McMinn County Sheriff; John Does 1-4; and Jane Does 1-4 [*See* Doc. 1]. Plaintiff filed a first amended complaint [Doc. 21] on January 5, 2023. The first amended complaint did not include any additional defendants. In the first amended complaint, Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging Defendants McMinn County and Sheriff Joe Guy acted with deliberate indifference to Mr. Cook's serious medical needs in violation of his rights under the Eighth and Fourteenth Amendment. Plaintiff also brings a claim under Tennessee's Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101 et seq., for negligence against Defendants McMinn County and Sheriff Joe Guy.

In his present motion [Doc. 33], Plaintiff seeks to file a second amended complaint to accomplish the following:

1. To add as defendants (in place of the "John/Jane Doe" defendants named in the original complaint and first amended complaint) ten current and former Corrections Officers employed by the McMinn County Sheriff's Office.[1]

2. To add a claim under Tenn. Code Ann. § 8-8-301, et seq., alleging Defendant McMinn County, Tennessee, is liable for the intentional, malicious, and/or reckless conduct of the officers and staff of the McMinn County Jail.

3. To clarify certain factual allegations to conform to evidence adduced during discovery.

4. To clarify in Paragraph 10 of the complaint/first amended complaint that the rules, regulations, policies, and procedures promulgated by Defendant Sheriff Joe Guy were insufficient and that he failed to enact necessary and requisite rules, regulations,

---

[1] The corrections officers are Brian Buckna, Dalton Moses, Shawn Amato, Shawn Penley, Tim Church, Lynette Ruebush, Anthony Brown, Blake Ellison, Chris Geisler, and Jesse Bowling.

policies and procedures related to the provision of inmate health care, such that the same reflects a pattern and practice of deliberate indifferent to inmates in the jail.

Plaintiff asserts that the proposed amendments are based on information elicited during discovery and, consequently, good cause exists to extend the deadline to amend the pleadings.

### III.   Analysis

#### A.   Standard of Review

In determining whether to permit amendment of a complaint, the Court looks to Fed. R. Civ. P. 15 for guidance concerning the substantive reason for the proposed amendment and Fed. R. Civ. P. 16(b) for direction concerning the timing of the proposed amendment.

Under Fed. R. Civ. P. 15(a)(2), a court should give leave to amend a pleading "when justice so requires." Leave is appropriate "in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment, etc. . . ." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

With respect to the timing of a proposed amendment to the complaint, Rule 16 requires the Court to include a deadline for the amendment of pleadings in its scheduling order, and it permits modification of the scheduling order "only for good cause and with the judge's consent." Rule 16(b)(3)-(4); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). In the instant case, the deadline to amend pleadings was Monday, December 12, 2022. Plaintiff has moved to amend his already once amended complaint well after the deadline for doing so. The Court will examine the additional factual allegations and legal claims proffered through Plaintiff's motion to amend [Doc. 33] against the backdrop of the guidance provided in Fed. R. Civ. P. 15 and 16.

## B. Amendment to Add Defendants

In his motion to amend [Doc. 33], Plaintiff seeks permission to amend his first amended complaint to replace the John/Jane Doe defendants with ten individually named current and former corrections officers at the McMinn County Jail. Defendants argue that good cause does not exist to allow Plaintiff to add this claim following expiration of the deadline to amend pleadings. Defendant also asserts that an amendment to add the corrections officers as defendants is futile because the claims against them are barred by the applicable statute of limitations. *See Dey v. Subaru of Am., Inc.*, 635 F.Supp.3d 620, 624 (E.D. Tenn. 2022) (Crytzer, J.) (holding amendment of complaint to add loss of consortium claim would be futile since the claim was barred by the statute of limitations).

The parties agree that the statute of limitations for Plaintiff's claims against the corrections officers is one year. Plaintiff acknowledges that (absent tolling) the one year statute of limitations applicable to his claims would have run on May 4, 2022, and that the individual corrections officers were not named in the complaint by that date. Plaintiff argues, however, that he should be permitted to add the corrections officers as additional defendants because the statute of limitations was tolled by the doctrines of fraudulent concealment and equitable tolling. In support of that argument, Plaintiff's counsel avers that he sent a Freedom of Information Act ("FOIA") request to the McMinn County Sheriff's Office on March 30, 2022, seeking information concerning the identities of the corrections officers who were working at the McMinn County Jail during the three days Mr. Cook was incarcerated there. In addition, on April 20, 2022, Plaintiff's counsel sent a preservation letter and records request to the Tennessee Bureau of Investigation ("TBI"). Plaintiff argues that neither the McMinn County Sheriff's Office nor the TBI responded to his request for information. Consequently, despite reasonable diligence, he was unable to ascertain the identities of the

corrections officers responsible for rendering care to Mr. Cook, and therefore he was unable to add them as defendants in this lawsuit in a timely manner.

Defendants' counsel does not dispute that Plaintiff sent requests for information to the McMinn County Sheriff's Office and the TBI shortly before he filed his complaint on April 29, 2022. Nor does he dispute that Plaintiff's inability to obtain such information prior to filing the complaint gives rise to a valid argument that the statute of limitations should be tolled until Plaintiff could obtain the information sought. However, Defendant's counsel points out that:

- When he served Initial Disclosures on Plaintiff on January 31, 2023, he identified nine of the ten corrections officers who were working at the McMinn County Jail during the three days that Mr. Cook was incarcerated there.

- On February 13, 2023, Defendant's counsel amended his Initial Disclosures to identify the tenth corrections officer who was working at the McMinn County Jail during Mr. Cook's incarceration.

- Defendants' counsel responded to Plaintiff's first interrogatories on January 5, 2024, and again identified all of the ten corrections officers on duty during Mr. Cook's incarceration at the McMinn County Jail.

Consequently, argues Defendants' counsel, even if the one year statute of limitations should have been tolled until Plaintiff could obtain the identities of the corrections officers, Plaintiff did have all of the information requested by February 13, 2023, at the very latest; however, he did not seek to add these corrections officers as named defendants until July 19, 2024, approximately one year and five months after learning their identities.

Plaintiff's state law claim is governed by a one year statute of limitations. He also asserts a federal claim under 42 U.S.C. § 1983. To determine *when* a Section 1983 claim accrues, federal courts look to federal law. *Bishop v. Children's Ctr. for Dev. Enrichment*, 618 F.3d 533, 536 (6th Cir. 2010). A claim brought under 42 U.S.C. § 1983 for deliberate indifference to a serious medical need in violation of the Eighth Amendment accrues at the time the medical care was denied. *See*

*Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009) (citing *Hermansen v. Schickel,* 202 F.3d 268 (6th Cir.1999) (concluding that prisoner's cause of action for deliberate indifference accrued on the date that he was denied medical care, even though the full extent of his injury was not known until later)). The Court looks to state law to determine the applicable statute of limitations and tolling rules in a Section 1983 claim. *Bishop*, 618 F.3d at 536; *see also Waddell v. City of Greenville*, No. 2:21-CV-183, 2022 WL 388402, *3 (E.D. Tenn. Feb. 8, 2022) (Collier, J.) (citing *Bd. of Regents of Univ. of the State of N.Y. v. Tomanio*, 446 U.S. 478, 485-86 (1980)); *Clark v. Clawson*, No. 3:20-cv-00203, 2021 WL 37675, *5 (M.D. Tenn. Jan. 1, 2021).

Tennessee has long recognized fraudulent concealment of an injury as a basis to toll the statute of limitations. *Redwing v. Catholic Bishop Diocese of Memphis*, 363 S.W. 3d 436, 462 (Tenn. 2012). In *Redwing*, the Tennessee Supreme Court extended the doctrine of fraudulent concealment to apply "not only to circumstances in which the defendant purposefully engages in conduct intended to conceal the plaintiff's injury from the plaintiff but also to circumstances in which the defendant engages in conduct intended to conceal the identity of the person or persons who caused the plaintiff's injury from the plaintiff." *Id.* A claim of fraudulent concealment contains four elements.

> The plaintiff invoking the fraudulent concealment doctrine must allege and prove: (1) that the defendant affirmatively concealed the plaintiff's injury or the identity of the wrongdoer or failed to disclose material facts regarding the injury or the wrongdoer despite a duty to do so; (2) that the plaintiff could not have discovered the injury or the identity of the wrongdoer despite reasonable care and diligence; (3) that the defendant knew that the plaintiff had been injured and the identity of the wrongdoer; and (4) that the defendant concealed material information from the plaintiff by "'withholding information or making use of some device to mislead' the plaintiff in order to exclude suspicion or prevent inquiry."

*Id.* at 462 -63. As to when the statute of limitations is tolled, the *Redwing* Court explained,

> The statute of limitations is tolled until the plaintiff discovers or, in the exercise of reasonable diligence, should have discovered the defendant's fraudulent

> concealment or sufficient facts to put the plaintiff on actual or inquiry notice of his or her claim. *See Fahrner v. SW Mfg., Inc.,* 48 S.W.3d at 145. At the point when the plaintiff discovers or should have discovered the defendant's fraudulent concealment or sufficient facts to put the plaintiff on actual or inquiry notice of his or her claim, the original statute of limitations begins to run anew, and the plaintiff must file his or her claim within the statutory limitations period.

*Id.*; *see also Waddell v. City of Greeneville*, No. 2:21-CV-183, 2022 WL 388402, *3 (E.D. Tenn. Feb. 2, 2022).

Here the Court does not need to make a finding that the McMinn County Sheriff's Office intended to engage in fraudulent concealment when it failed to respond to Plaintiff's FOIA request. Such request was made on March 30, 2022, and Plaintiff filed his lawsuit about thirty days later. Once the lawsuit was filed, the Sheriff's Office may have concluded that all exchange of information between the parties should take place between counsel in the context of the federal litigation. However, the Court will assume for purposes of argument, that in failing to respond to Plaintiff's FOIA request, the Sheriff's department's did engage in fraudulent concealment of the identities of the corrections officers who were working at the jail at the time of Mr. Cook's incarceration.

Applying the *Redwing* Court's decision to this case, the one year statute of limitations began to run on May 4, 2021, when Mr. Cook died. At the time Plaintiff's counsel sent his FOIA request to the Sheriff's office, 330 calendar days had already elapsed following Mr. Cook's death. Consequently, there were 35 days remaining in the one year statute of limitations. If the Sheriff's Department affirmatively attempted to conceal the identities of the John/Jane Doe defendants by ignoring the FOIA request, the statute of limitations would be tolled with 35 days left in the one year period. However, when the John/Jane Does' identities (i.e., the corrections officers working at the jail during Mr. Cook's incarceration) were revealed by Defendants' counsel in their Initial Disclosures on January 31, 2023, and Amended Initial Disclosures on February 13, 2023, the

remaining 35 days in the statute of limitations began running again. Giving Plaintiff the benefit of the doubt as to the latter date of February 13, 2023, the one year statute of limitations would have lapsed on March 20, 2023. Given the fact that Plaintiff did not move to replace the John/Jane Doe defendants with the individually named corrections officers until July 19, 2024—Plaintiff missed the one year statute of limitations by approximately one year and four months.[2] The doctrine of fraudulent concealment does not save Plaintiff's claims against the individual corrections officers from being time barred.

Plaintiff also argues the doctrine of equitable tolling applies. Tennessee does not recognize the doctrine of equitable tolling. *Redwing*, 363 S.W.3d at 460.[3] However, in the context of a Section 1983 claim, where Tennessee law is inconsistent with federal law, then federal law applies. *Pike v. United States*, 868 F.Supp.2d 667, 683 (M.D. Tenn.) (citing *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). In *Pike*, the district court held in the context of a *Bivens* action that Tennessee's lack of an equitable tolling doctrine is inconsistent with federal law; the *Pike* Court then applied the federal version of equitable tolling. 868 F. Supp.2d at 684. Federal law provides that equitable tolling is available where the plaintiff demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). In the instant case, as previously discussed, all the names of the corrections officers had been released by February 13, 2023. The Court doubts

---

[2] Alternatively, to the extent an argument exists that the one year statute of limitations began anew on February 13, 2023, when Defendants' counsel revealed the identities of the corrections officers, those corrections officers should have been added as defendants no later than February 13, 2024 (one year from the date Plaintiff discovered their identities). However, Plaintiff's motion to amend the first amended complaint to add the corrections officers as defendants was not filed until July 19, 2024, almost five months after the February 13, 2024 deadline.

[3] Tennessee does recognize the doctrine of equitable *estoppel* for tolling purposes, *Redwing*, 363 S.W.3d at 460, but it is not the same doctrine as equitable *tolling*. Under Tennessee law, "the doctrine of equitable estoppel tolls the running of the statute of limitations when the defendant has misled the plaintiff into failing to file suit within the statutory limitations period." *Id.* Equitable tolling does not necessarily require wrongdoing on the part of the defendant. *See* discussion, *infra* at p. 9.

that equitable tolling applies in this circumstance, but assuming *arguendo* that it does and that the statute of limitations was tolled initially because Plaintiff did not know the individual officers' identities, Plaintiff, through the exercise of due care, should have known their identities by February 13, 2023. Again, assuming *arguendo* that the limitations period was tolled at the point that Plaintiff's counsel sent the FOIA request to the McMinn County Sheriff's Office (i.e., March 30, 2022) to determine the identities of the corrections officers, the limitations period would have commenced running again no later than February 13, 2023, when Defendants' counsel revealed the identities of all ten of the corrections officers in their Initial Disclosures. Taking into account the tolling of the one year statute of limitations during the period that Plaintiff was diligently attempting to obtain the corrections officers' identities from Defendants, the one year statute of limitations would have lapsed on March 20, 2023, approximately a year and four months before Plaintiff moved to amend the first amended complaint to add the corrections officers as defendants.

Alternatively, if the Court were to determine that the one year statute of limitations should have begun anew on February 13, 2023, when Defendants' counsel identified the corrections officers, then the statute of limitations would have lapsed on February 13, 2024, approximately five months before Defendant moved to add the corrections officers as defendants. Under either scenario, the Court concludes that Plaintiff's claims against the individually named corrections officers are barred by the statute of limitations. Consequently, this Court will recommend that Plaintiff's motion to amend the first amended complaint to add them as defendants be denied.

C. **Amendment to Add Claim and Correct Factual Allegations**

Plaintiff also seeks to amend the first Amended Complaint to: (1) add a claim under Tenn. Code Ann. § 8-8-301, et seq., alleging Defendant McMinn County, Tennessee, is liable for the intentional, malicious, and/or reckless conduct of the officers and staff of the McMinn County Jail;

(2) clarify certain factual allegations to conform to evidence adduced during discovery (e.g., Mr. Cook's death was caused, in part, by a ruptured duodenum); and (3) clarify in Paragraph 10 of the first amended complaint that the rules, regulations, policies, and procedures ("Rules") promulgated by Defendant Sheriff Joe Guy were insufficient; that he failed to enact appropriate Rules related to inmate health care; and that this reflected a pattern and practice of deliberate indifferent to inmates in the jail. Defendants, on the other hand, argue that good cause does not exist to allow Plaintiff to amend his complaint—to add a claim and to clarify facts—after the deadline to amend pleadings had expired.

The Court accepts that the proposed amendment of the first amended complaint to clarify facts, and to add one additional claim, arose from information gleaned by Plaintiff's counsel during the process of conducting discovery in this case, and that justice requires the Court to allow Plaintiff to "clean up" his complaint to conform to such newly disclosed information. Further, any prejudice that Defendants may experience as a result of this amendment may be cured by extending the discovery period — which the Court has done.[4] Thus, the Court finds good cause to allow this amendment after the deadline to amend has expired.

---

[4] A one year statute of limitations applies to claims brought under Tenn. Code Ann. § 8-8-301. *Anderson v. Lauderdale Cnty.*, No. W2022-00332-COA-R3-CV, 2023 WL 2138382, at *1 (Tenn. Ct. App. 2023). However, Defendant concedes this limitations period does not bar Plaintiff's claim brought under § 8-8-301 because the amendment relates back to the original complaint under Fed. R Civ. P. 15(c). [Doc. 18, Def. brief at 18].

For the foregoing reasons, it is hereby **RECOMMENDED**[5] that:

1. Plaintiff's Motion to Amend [the first] Amended Complaint [Doc. 33] be **DENIED** to the extent that Plaintiff seeks to add as Defendants (in place of the "John/Jane Doe" defendants named in the original complaint and first amended complaint) ten current and former Corrections Officers (i.e., Brian Buckna, Dalton Moses, Shawn Amato, Shawn Penley, Tim Church, Lynette Ruebush, Anthony Brown, Blake Ellison, Chris Geisler, and Jesse Bowling) employed by the McMinn County Sheriff's Office.

2. Plaintiff's Motion to Amend [the first] Amended Complaint [Doc. 33] be **GRANTED** to the extent Plaintiff seeks to:

    a. Add a claim under Tenn. Code Ann. § 8-8-301, et seq., alleging Defendant McMinn County, Tennessee, is liable for the intentional, malicious, and/or reckless conduct of the officers and staff of the McMinn County Jail.

    b. Clarify certain factual allegations to conform to evidence adduced during discovery (e.g., Mr. Cook's cause of death was caused, in part, by a ruptured duodenum).

    c. Clarify in Paragraph 10 of the first amended complaint that the rules, regulations, policies, and procedures promulgated by Defendant Sheriff Joe Guy were insufficient and that he failed to enact necessary and requisite rules, regulations, policies and procedures related to the provision of inmate health care, such that the same reflects a pattern and practice of deliberate indifferent to inmates in the jail.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).