UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHRISTOPHER LEE COOK, *as administrator ad litem for cause of action and next of kin of* RONNIE RAY COOK,<br><br>　　*Plaintiff*,<br><br>v.<br><br>MCMINN COUNTY, TENNESSEE, *et al.*,<br><br>　　*Defendants*. | No. 1:22-cv-105<br><br>Judge Curtis L. Collier<br><br>Magistrate Judge Christopher H. Steger |

## **MEMORANDUM & ORDER**

Before the Court is a motion for summary judgment by Defendants McMinn County, Tennessee, and McMinn County Sheriff Joe Guy. (Doc. 52.) Plaintiff Christopher Lee Cook has filed a response (Doc. 55), and Defendants have replied (Doc. 60). Plaintiff now asks the Court for leave to file a sur-reply. (Doc. 61.) Defendants have responded in opposition. (Doc. 63.) Plaintiff contends Defendants' reply puts forth new arguments and defenses, all of which could have been provided in Defendants' motion for summary judgment. (*Id.* at 1.)

In their reply, Defendants argue the unsworn declaration of Robert Snelson should be stricken pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure because Plaintiff failed to identify Snelson as a potential witness during discovery. (Doc. 60 at 6–8.) In support of the motion for leave to file a sur-reply, Plaintiff argues he should be afforded the opportunity to show why the declaration of Snelson should not be stricken. (Doc. 61 at 2.) Next, Plaintiff argues he should be able to respond to the "numerous arguments in [Defendants'] Reply with the purpose of impeaching Mr. Snelson and Plaintiff with their prior statements." (*Id.*) In addition

to this, Plaintiff argues he should be able to respond to whether he abandoned his opportunity to contest Defendant McMinn County Sheriff Joe Guy's qualified immunity defense. (*Id*.)

Defendants have filed a response in opposition to the motion for leave to file a sur-reply. (Doc. 63.) Defendants argue that its reply does not raise any new issues or evidence, but rather addresses issues raised in the motion for summary judgment or directly responds to arguments made in Plaintiff's response. (*Id*. at 2.) Defendants assert Plaintiff's proposed sur-reply "is merely an attempt to address arguments that [Plaintiff] either consciously ignored or overlooked" in his response. (*Id*. at 3.)

In general, "surreplies are 'highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *Walden v. Gen. Elec. Int'l., Inc*., 119 F.4th 1049, 1056 (6th Cir. 2024) (quoting *Cousins Smokehouse, LLC v. Louisville Processing & Cold Storage Inc.*, 588 F. Supp. 3d 753, 763 (W.D. Ky. 2022)). However, a sur-reply may be appropriate "[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated." *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014) (alteration in original) (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)). A district court must allow the nonmoving party an opportunity to respond to any new arguments or evidence raised in the reply brief before ruling on a summary judgment motion. *Hardy Oil Co., Inc. v. Nationwide Agribusiness Ins. Co.*, 587 F. App'x 238, 239 (6th Cir. 2014) (citing *Seay,* 339 F.3d at 482).

Defendants' reply emphasized the facts and arguments Plaintiff failed to address in his response. In doing so, Defendants responded directly to Plaintiff's response and did not raise new legal arguments or introduce new evidence. *See Key*, 551 F. App'x at 265. Further, while Defendants did highlight inconsistent statements given by Snelson and Plaintiff, the reply

2

responded directly to Plaintiff's evidence and merely bolsters the arguments made in the motion for summary judgment. "This is entirely consistent with the proper purpose of a reply brief, to address the opposing party's arguments raised in a response brief." *Liberty Legal Found. v. Nat'l Democratic Party of the USA*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012).

To the extent Plaintiff argues Defendants' reply asks the Court to make inferences improper at the summary-judgment stage, "[i]t is not the function of a surreply, but the function of the Court to 'determine whether the parties before it have accurately presented the facts, the opposing parties' arguments, and the applicable propositions of law, or whether the parties have mischaracterized the facts, arguments, and legal propositions." *Kondash v. Kia Motors Am., Inc.*, No. 1:15-cv-506, 2019 WL 7820563, at *2 (S.D. Ohio Dec. 16, 2019) (quoting *Aerpio Pharms., Inc. v. Quaggin*, No. 1:18-cv-794, 2019 WL 4717477, at *7 (S.D. Ohio Sept. 26, 2019)). Allowing Plaintiff to respond to these issues would only allow Plaintiff to have the last word on the matter. *See Walden*, 119 F.4th at 1056.

The Court finds, however, that Defendants' reply does raise the new argument that Snelson's unsworn declaration should be stricken. However, pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, "[a] request for a court order must be made by motion." Therefore, if Defendants desire relief regarding that issue, Defendants shall file a motion stating their grounds for the request. Accordingly, Plaintiff's motion for leave to file a sur-reply (Doc. 61) is **DENIED**.

**SO ORDERED.**

**ENTER:**

/s/ _____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**